Joshua B. Swigart (SBN 225557)
Josh@SwigartLawGroup.com
**SWIGART LAW GROUP, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 866-219-3343

*Attorneys for Plaintiff,*
*And all others similarly situated*

Daniel G. Shay (SBN 250548)
Dan@ShayLegal.com
Harrison J. Lynch (SBN 355139)
Harrison@ShayLegal.com
**SHAY LEGAL, APC**
2221 Camino del Rio S, Ste 308
San Diego, CA 92108
P: 619-222-7429

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

STEPHANIE S. GERMANI, individually and on behalf of others similarly situated,

Plaintiffs,

vs.

VIRTUAL DINING CONCEPTS, LLC,

Defendant.

Case No: **'25CV1761 GPC JLB**

CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION AT 47 U.S.C. § 227

JURY DEMAND

## CLASS ACTION COMPLAINT

1. Plaintiff STEPHANIE S. GERMANI ("Plaintiff") brings this class action against Defendant VIRTUAL DINING CONCEPTS, LLC ("Defendant") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## PRELIMINARY STATEMENT

2. The Supreme Court may have stated it best: "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls (and texts). The Federal Government receives a staggering number of complaints about robocalls – 3.7 million complaints in 2019 alone." *Barr v. Am. Ass'n of Political Consultants* (2020) 140 S. Ct. 2335, 2343.

3. Telemarketing calls and texts are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991, 47 U.S.C. Section 227 ("TCPA").

4. Congress further passed the Do-Not-Call Implementation Act of 2003, 15 U.S.C. Section 6101 to allow people to register their phone numbers with the Federal Trade Commission.

5. The TCPA affords special protections for people who, like Plaintiff, are registered on the Do-Not-Call List.

6. The United States Court of Appeals for the Ninth Circuit held that "unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.,* 847 F.3d 1037, 1043 (9th Cir. 2016) (citations omitted) (emphasis in the original).

7. Receiving unwanted telemarketing communications is a problem most people face in this country. According to online robocall tracking service "YouMail," 4.4 billion robocalls & texts were placed in December 2024 alone, at a stunning rate of about 140 million per day. www.robocallindex.com.

## NATURE OF THE ACTION

8. This is a putative class action brought pursuant to the TCPA.
9. To promote its goods and services, Defendant engages in telemarketing text messages to phone numbers on the Do-Not-Call list.
10. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct toward Plaintiff and the Class Members. Plaintiff also seeks statutory damages on behalf of herself and the Class Members, and any other available legal or equitable remedies.

## PARTIES

11. Plaintiff is a natural person entitled to bring this action under the TCPA, and a citizen and resident of San Diego, California.
12. Defendant is a Florida limited liability company, headquartered at 4700 Millenia Blvd., Ste. 415, Orlando, FL 32839.
13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successor, assigns, principals, trustees, sureties, representatives, vendors, and insurers of Defendant.

## JURISDICTION AND VENUE

14. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331, as the action arises under the TCPA, 47 U.S.C. § 227.
15. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was

directed by Defendant to consumers in this District. Additionally, Plaintiff's telephone number has an area code that is assigned to San Diego, California.

## FACTS

16. Plaintiff registered her phone number to the Do-Not-Call List, which disallows calls and texts messages without prior authorization. Plaintiff placed her telephone number, ending in 5543 on the Do-Not-Call List on September 13, 2003.
17. Defendant operates many restaurant "brands" that offer pick-up or delivery services only.
18. Upon information and belief, Defendant has thousands of such brand locations across the United States.
19. One such brand is "Pardon My Cheesesteaks" ("PMC"). PMC is not an entity that is independent from Defendant. PMC is one of the many brands that Defendant controls and operates.
20. Upon information and belief, Defendant has complete control of all brand management, marketing, and business operations of PMC, meaning Defendant is wholly and independently responsible for all culpable conduct alleged herein.
21. At one point, Defendant was authorized to contact Plaintiff by text message for PMC related communications. However, Plaintiff later revoked her consent to be contacted by Defendant when she requested that Defendant stop contacting her.
22. Despite this, Defendant continued to contact Plaintiff by text message with advertisements and solicitations for business.
23. On June 1, 2023, and after at least three (3) additional text messages from Defendant, Plaintiff contacted Defendant by email to opt-out of marketing text messages, pursuant to the terms in Defendant's own Privacy Policy. [1] The email

---

[1] For reference, on or around March 4, 2024, Defendant's Privacy Policy stated, in relevant part: "To stop receiving our text messages, you can opt out by emailing privacy@virtualdiningconcepts.com. Include STOP in the subject line and your cell phone number in the body of your email." (available at: https://joinvdc.com/privacy-policy, last accessed on June 30, 2025.). Defendant's brand specific Privacy Policy stated, in relevant part: "[I]f you want to "opt out" of receiving future marketing communications, please [] [s]end an email with your request and current contact information to privacy@virtualdiningconcepts.com[.]" (available at: https://pardonmycheesesteak.com/privacy-policy/, last accessed on June 18, 2025).

stated in the subject line: "STOP [XXX-XXX]-5543", and the body of the email stated: "Please stop sending text messages to [XXX-XXX]-5543. I've opted out before but continue to receive text messages for Pardon My Cheesesteak, most recently on May 28, 29 and June 1, 2023."

24. Defendant blatantly ignored Plaintiff's renewed request.

25. On June 4, 2023, without prior express consent, Defendant sent Plaintiff another non-solicited text message to her cellular telephone with the following marketing message: "Pardon My Cheesesteak: [!] Last chance [!] Don't miss out on 20% OFF your order by using code 'CHAMPS' at checkout! ORDER NOW! https://pmc.attn.tv/l/Cro/AgoW2"

26. Defendant sent Plaintiff non-solicited text messages to her cellular telephone, without prior express consent, another five times in June of 2023, with similar marketing messages, despite the fact that Plaintiff revoked her consent to be contacted in this manner.

27. From July 2023 through March of 2025, Defendant sent Plaintiff approximately 31 additional non-solicited text messages to her cellular phone, without prior express consent, bringing the total number of text messages since the second, email election to opt-out of text messaging to thirty-six (36) unsolicited messages.

28. Upon information and belief, the total number of unwanted text messages could be as much as forty-three (43) text messages since the first election to opt-out.

29. Plaintiff did not renew her consent at any point to receive marketing text messages.

30. Plaintiff believes it is highly unlikely that Defendant will honor Plaintiff's wishes for the text messages to stop, hence is forced to bring this action.

31. Plaintiff is the regular user of the telephone number that received the above solicitations.

32. Plaintiff utilizes the cellular telephone number primarily for personal purposes.

///

///

## STANDING

33. Standing is proper under Article III of the Constitution of the United States because Plaintiff's claims state (1) a valid injury in fact, (2) which is traceable to the conduct of Defendant, and (3) is likely to be redressed by a favorable judicial decision. *See Spokeo, Inc. v. Robins* (2016) 136 S.Ct. 1540, 1547; *see also Van Patten v. Vertical Fitness Grp.*, 847 F.3d at 1043 (applying *Spokeo* to litigation brought under the TCPA for purposes of establishing Article III standing).

## ARBITRATION

34. A court may compel arbitration only when there is a "clear agreement" to arbitrate between the parties. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1092-93 (9th Cir. 2014.

35. The current Terms and Conditions ("Terms") on Defendant's PMC brand website have an arbitration provision, but these Terms call for arbitration under the AAA commercial rules for disputes arising out of or relating to the Terms or Website use.[2]

36. Preliminarily, Plaintiff is a consumer and should not be required to pursue relief under commercial arbitration rules.

37. Further, this dispute does not arise out of Plaintiff's use of the Website, so the arbitration provision does not apply.

38. Finally, the dispute does not arise out of Defendant's breach of the Terms, rather, there is a breach of Defendant's Privacy Policy, as argued below, so the arbitration provision does not apply.

39. There is no clear agreement to arbitrate between the parties in this case because, in part, the agreement is vague and inapplicable, so Plaintiff is permitted to pursue relief in this Court.

///

///

[2] https://pardonmycheesesteak.com/terms-conditions/

## CLASS ALLEGATIONS

40. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff individually and on behalf of all other similarly situated persons pursuant to Fed. R. Civ. P. 23. The class that Plaintiff seeks to represent ("Class") is defined as:

> All persons in the United States who from four years prior to the filing of their action through the date of class certification, who listed their phone number on the Do-Not-Call List, were contacted by Defendant or anyone acting on Defendant's behalf.

41. Plaintiff reserves the right to modify the Class definition as warranted as facts are learned in further investigation and discovery.

42. Defendant and their employees or agents are excluded from the Class.

## NUMEROSITY

43. Upon information and belief, Plaintiff believes the number of members in the Class are in the several thousand. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

44. The exact number and identities of Class Members are unknown at this time and can be ascertained only through discovery. Identification of Class Members is a matter capable of ministerial determination from Defendant's records.

## COMMON QUESTIONS OF LAW AND FACT

45. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

    a. Whether Defendant initiated solicitation text messages to persons who listed their phone numbers with the Do-Not-Call List.

    b. Whether Defendant initiated solicitation text messages to persons who had previously revoked their prior express consent.

    c. Whether Defendant established a legally sufficient opt-out procedure for persons who initially agreed to be contacted by Defendant.

d. Whether Defendant is liable for damages, and the amount of such damages.

46. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely contacts persons whose number is listed with the Do-Not-Call List, Plaintiff and Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

47. Plaintiff's claims are typical of the claims of Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF CLASS MEMBERS**

48. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

49. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

50. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be

dispositive of the interests of the Class, although certain Class members are not parties to such actions.

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TCPA**

**47 U.S.C. Section 227 et seq.**

**(On Behalf of Plaintiff and the Class)**

51. Plaintiff re-alleges and incorporates the allegations set forth above as if fully set forth herein.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including 47 U.S.C Section 227 et seq., and implementing regulation 47 C.F.R. Section 64.1200(c).

53. As a result of Defendant's negligent violations of the law, Plaintiff and each member of the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. Section 227(c)(5).

54. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**

**47 U.S.C. Section 227 et seq.**

**(On Behalf of Plaintiff and the Class)**

55. Plaintiff re-alleges and incorporates the allegations set forth above as if fully set forth herein.

56. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including 47 U.S.C. Section 227 et seq., and implementing regulation 47 C.F.R. Section 65.1200(c).

57. As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff and each member of the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. Section 227(c)(5).

58. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

59. Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff and Class Members the following relief against Defendant:

- Certify the Classes as requested herein;
- Appoint Plaintiff to serve as the Representative of the Classes; and
- Appoint Plaintiff's Counsel as Counsel of the Classes.

60. In addition, Plaintiff and the Class Members pray for further judgment as follows against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

61. As a result of Defendant's and Defendant's agents' negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member $500 in statutory damages, for each and every TCPA violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

62. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

63. Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

64. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, up to $1,500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

65. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

66. Any other relief the Court may deem just and proper.

## JURY DEMAND

67. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demand, a trial by jury.

Date: June 9, 2025

**SWIGART LAW GROUP, APC**

By: *s/ Joshua B. Swigart*
Joshua B. Swigart, Esq.
Josh@SwigartLawGroup.com

Date: June 9, 2025

**SHAY LEGAL, APC**

By: *s/ Daniel G. Shay*
Daniel G. Shay, Esq.
Dan@ShayLegal.com